

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*

*555 Fourth St N W*
*Washington, D C  20001*

July 3, 2008

**FILED**

JUL 2 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Richard L. Scheff, Esq.
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109-1029

Re: United States v. Cecelia Grimes

08CR208

Dear Mr. Scheff:

This letter sets forth the full and complete plea offer to your client, Cecelia Grimes, from the Criminal Division of the Office of the United States Attorney for the District of Columbia and the Criminal Division of the United States Department of Justice (hereinafter collectively referred to as "the Government"). This plea offer will expire on July 9, 2008.  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement.  The terms of the offer are as follows:

**1)     Charges and Statutory Penalties**

Your client agrees to waive indictment and to plead guilty to Count One of the attached Information, charging her with Destruction of Evidence, in violation of 18 U.S.C. § 1519.

Your client understands that the charge carries a maximum sentence of twenty years of imprisonment, a fine of $250,000, a $100 special assessment, a five-year term of supervised release, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally for the conduct set forth in the attached Statement of the Offense or for any other conduct of which the Government is aware on the date that your client's guilty plea is entered.

**2)     Factual Stipulations**

Your client agrees that the attached Statement of the Offense fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty  It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

**3)     Sentencing Guidelines Stipulations**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2007). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

**A.     Offense Level under the Guidelines**

The parties agree that the applicable Guidelines provision is § 2J1.2, and that the base offense level is 14. The parties further agree that no specific offense characteristics, cross references, or other enhancements apply.

**B.     Acceptance of Responsibility:  2-level reduction**

Assuming that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to § 3E1.1(a).

In accordance with the above, the applicable Guidelines Offense Level is 12.

**C.     Criminal History Category**

Based upon the information now available to the government (including representations by the defense), your client has no prior criminal convictions.

In accordance with the above, your client's Criminal History Category is I.

**D.     Applicable Guideline Range**

Based upon the calculations set forth above, not including any departure that might apply pursuant to Paragraphs 4 and 5 of this agreement or otherwise, your client's stipulated Sentencing Guidelines range is 10-16 months of incarceration, with the option of a split sentence, and a fine of $3,000-$30,000.

2

**E.    Sentencing Allocution**

With respect to incarceration, the government agrees not to oppose a sentence at the low end of the Sentencing Guidelines range determined by the Court. In all other respects, except as otherwise provided in this Agreement, the government reserves its full right of allocution. Except as otherwise provided in this Agreement, your client reserves her full right of allocution.

**4)    Cooperation**

Your client agrees to continue to cooperate completely, candidly, and truthfully in any investigation by the United States Attorney's Office for the District of Columbia, the United States Department of Justice, and law-enforcement agencies. Specifically, your client agrees:

A.    To provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that she has which relate directly or indirectly to the subject of this investigation, including financial records and tax returns;

B.    To answer completely, truthfully, and candidly all questions put to her by attorneys and law enforcement officials during the course of this investigation;

C.    To make herself available for interviews by attorneys and law-enforcement officers of the government upon request and reasonable notice;

D.    Not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

E.    To comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that she shall provide; and

F.    To answer, at trial, before the grand jury, or at any hearing arising out of an investigation, all questions put to her by the Court or by the attorney for any party completely, truthfully, and candidly.

**5)    Departure Committee**

At the time of your client's sentencing, the government will advise the sentencing judge and the United States Probation Office in the District of Columbia of the full nature, extent, and value of the cooperation provided by your client to the government. In addition, before sentencing, the government will evaluate the full nature, extent, and value of the cooperation provided by your client to the Government. If the government determines that your client has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then

3

the Government will file a motion pursuant to § 5K1.1. Your client understands that the determination of whether she has provided "substantial assistance" is within the sole discretion of the Government. Your client further understands that the failure of the government to file a "substantial assistance" departure motion is not a ground for her to move to withdraw her plea of guilty in this case.

**6)    Court Not Bound by the Plea Agreement**

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

**7)    Court Not Bound by the Non-Mandatory Sentencing Guidelines**

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

**8)    Restitution**

In addition to the other penalties provided by law, the Court may also order that your client make restitution under 18 U.S.C. § 3663 or 18 U.S.C. § 3663A. Restitution is payable immediately unless ordered otherwise by the Court. Based on the information available to it, the government believes that the defendant will not owe any restitution.

**9)    Release/Detention**

Your client acknowledges that while the Government will not seek to detain your client pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

4

**10)    Use of Certain Information**

The United States and your client agree that because your client has agreed to cooperate with the government, information provided by your client pursuant to this cooperation agreement shall not be held against her for purposes of calculating her sentence, except as provided in §1B1.8(b).

**11)    Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

**12)    Waiver of Statute of Limitations**

It is further agreed that should the conviction following your client's plea of guilty pursuant

5

to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

**13)**    **Waiver of Right to DNA Testing**

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

**14)**    **Complete Agreement**

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia and the Criminal Division of the United States Department of Justice. This Agreement does not bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to Assistant United States Attorney Howard Sklamberg once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

*Jeffrey A. Taylor /HS*

BRUCE G. OHR
Chief
Organized Crime and
    Racketeering Section

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

WILLIAM M. WELCH II
Chief
Public Integrity Section

*Gregory CJ Lisa /HS*

GREGORY C.J. LISA
Trial Attorney
D.C. Bar No. 457739
Organized Crime and
    Racketeering Section
Criminal Division
U.S. Department of Justice
1301 New York Ave., NW
7th Floor
Washington, DC 20005
T: 202-514-3594
F: 202-514-3601

*Howard R. Sklamberg*

HOWARD R. SKLAMBERG
D.C. Bar No. 453852
Deputy Chief
Fraud & Public Corruption
    Section
D.C. Bar No. 453852
555 Fourth Street, NW
Room 5836
Washington, DC 20001
T: 202-514-6961
F: 202-305-8537

*Armando O Bonilla /HS*

ARMANDO O. BONILLA
Trial Attorney
Criminal Division
U.S. Department of Justice
1400 New York Ave., NW
12th Floor
Washington, DC 20005
T: 202-616-2983
F: 202-514-3003

## DEFENDANT'S ACCEPTANCE

    I have read this Plea Agreement and have discussed it with my attorney, Richard L. Scheff, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

    I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: _7/8/08_

CECELIA GRIMES
Defendant

7

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: _Jule 8, 2008_       _____

RICHARD L. SCHEFF, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109-1029
Attorney for the Defendant

8