UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :
:
v. : 08CR208
:
:
CECELIA M. GRIMES :

FILED
JUL 2 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, defendant CECELIA M. GRIMES ("GRIMES") and the United States agree and stipulate as follows:

Introduction

1. CECELIA M. GRIMES ("GRIMES") was a registered lobbyist with the United States House of Representatives. GRIMES was one of two partners in Firm A, a lobbying firm based in Southeastern Pennsylvania.

2. Representative A was a Member of the United States House of Representatives. Prior to his defeat for re-election in November 2006, Representative A was the Vice Chairman of both the House Committee on Armed Services and the House Committee on Homeland Security. Representative A served in the House of Representatives from January 1987 through January 2007.

3. As part of its lobbying activities, Firm A submitted requests for appropriations to Representative A's office and to other congressional offices.

4. Beginning well prior to October 2006, the Washington Field Office of the Federal Bureau of Investigation ("FBI") opened an investigation into certain activities by and related to Representative A. Part of that investigation focused on whether Representative A agreed to

support appropriations requests made by Firm A as a *quid pro quo* for the payment of fees to Firm A by its clients.

5.  As part of that investigation, on October 16, 2006, two FBI agents interviewed GRIMES at GRIMES's residence. During the interview, the agents questioned GRIMES about the following topics (among others): the origins of Firm A; the identity of Firm A's clients; the nature of the services that Firm A performs; Firm A's contacts with Representative A and his office; and certain travel by GRIMES.

6.  At the conclusion of the interview, the agents served GRIMES with two grand-jury subpoenas. One was for the custodian of records of Firm A, and the other was for the custodian of records of Firm B, another lobbying firm based in Southeastern Pennsylvania, of which GRIMES was the sole proprietor. Both subpoenas were issued on behalf of a grand jury of the United States District Court for the District of Columbia.

7.  The subpoenas instructed the custodians of records to produce, by October 27, 2006, a series of records, including all documents relating or incident to: several of Firm A's clients; Representative A; Representative A's campaigns; or GRIMES's travel. The subpoena defined "records" broadly, to include not just paper documents, but also email and computer records, and called for the production of documents dating back to January 1, 2003, or, in some instances, January 1, 2002.

### Destruction of Physical Documents

8.  Within six days of the FBI's service of the two grand-jury subpoenas upon GRIMES, GRIMES placed some documents that she had stored in her house into trash bags, which she then brought to the front of her house for collection as garbage. These documents

included: an American Airlines boarding pass for a flight taken by GRIMES on August 20, 2003; an email with an attached travel itinerary, including hotel reservations, for a trip for GRIMES on August 19-20, 2003; Amtrak receipts for trips for GRIMES on June 18, 2003, July 3, 2003, and September 2, 2004; a copy of an invitation from the National Marine Manufacturers Association to the Congressional Boating Caucus, dated May 6, 2003, with a handwritten note, "... you are attending a [Representative A Campaign] Event"; check stubs, dated 2003 or later, from three of Firm A's clients who were identified in the grand-jury subpoenas; 14 RSVP cards and envelopes for a dinner honoring Representative A, calling for responses to be sent to GRIMES; and torn paper with an email header associated with Representative A and with a message from an unknown sender praising Representative A and expressing a desire to join Representative A's re-election campaign.

9. The items described in Paragraph 8 were material to the FBI's investigation. One of the reasons that GRIMES concealed and attempted to destroy these items was to influence the FBI's investigation.

10. On October 22, 2006, FBI agents surreptitiously retrieved the garbage bags that contained the above documents. The bags were located in trash cans next to GRIMES's house.

11. In November 2006, after receiving a time extension, through their counsel, Firm A and Firm B produced certain documents responsive to the grand-jury subpoenas. On or about November 27, 2006, the counsel for Firm A and Firm B represented to the government that the document production was complete. Neither Firm A nor Firm B produced any of the items identified in Paragraph 8.

<u>Destruction of Emails</u>

12.     GRIMES frequently sent and received emails from a Blackberry device.

13.     In or about early November 2006, GRIMES placed her Blackberry device in a trash can near an Arby's restaurant in Southeastern Pennsylvania. GRIMES discarded her Blackberry for the purpose of keeping the FBI from reviewing certain of her emails that would be of interest to the FBI.

| | | |
|---|---|---|
| BRUCE G. OHR<br>Chief<br>Organized Crime and<br>    Racketeering Section | *Jeffrey A Taylor/HS*<br>JEFFREY A. TAYLOR<br>United States Attorney<br>D.C. Bar No. 498610 | WILLIAM M. WELCH II<br>Chief<br>Public Integrity Section |
| *Gregory CJ Lisa/HS*<br>GREGORY C.J. LISA<br>Trial Attorney<br>D.C. Bar No. 457739<br>Organized Crime and<br>    Racketeering Section<br>Criminal Division<br>U.S. Department of Justice<br>1301 New York Ave., NW<br>7th Floor<br>Washington, DC 20005<br>T: 202-514-3594<br>F: 202-514-3601 | *Howard R Sklamberg*<br>HOWARD R. SKLAMBERG<br>Deputy Chief<br>D.C. Bar No. 453852<br>Fraud & Public Corruption<br>    Section<br>555 Fourth Street, NW<br>Room 5247<br>Washington, DC 20001<br>T: 202-514-6961<br>F: 202-305-8537 | *Armando O Bonilla/HS*<br>ARMANDO O. BONILLA<br>Trial Attorney<br>Public Integrity Section<br>Criminal Division<br>U.S. Department of Justice<br>1400 New York Ave., NW<br>12th Floor<br>Washington, DC 20005<br>T: 202-616-2983<br>F: 202-514-3003 |

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Crim. P. 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that, based upon my personal knowledge and information provided to me which I believe to be accurate, it is true and correct.

Date: 7/8/08

_____
CECELIA GRIMES
Defendant

I have read this statement of offense and reviewed and discussed it with my client. I concur with her decision to stipulate to this Statement of Offense.

Date: July 8, 2008

_____
RICHARD L. SCHEFF, Esq.